IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 03-92-011-CR





EX PARTE: MICHELLE COLLINS,



 APPELLANT



 




FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT



NO. 36,389, HONORABLE JACK W. PRESCOTT, JUDGE 



 




 This is an appeal from the trial court's adverse ruling on applicant's post-conviction
application for writ of habeas corpus filed pursuant to Tex. Const. art. V, § 8. (1)

 On July 6, 1988, applicant entered a non-negotiated plea of nolo contendere to the
offense of delivery of cocaine in an amount less than twenty-eight grams. Texas Controlled
Substances Act, 1983 Tex. Gen. Laws, ch. 425, § 6, at 2373 (Tex. Rev. Civ. Stat. Ann. art.
4476-15, § 4.03(a)-(b), since repealed and codified at Tex. Health & Safety Code Ann. § 481.112
(Pamph. 1992)). The court deferred adjudication of guilt and placed applicant on probation for
five years. Applicant's timely-filed motion requesting adjudication was granted on October 8,
1988. The court found applicant guilty and assessed punishment of five years, probated. On
direct appeal, applicant complained of the court's action in overruling her pretrial motions: (1) to
suppress evidence; (2) to quash the indictment; and (3) that she was entrapped as a matter of law. 
This Court, in an unpublished opinion, affirmed the judgment of the trial court holding that
applicant's non-negotiated plea of nolo contendere had the effect of waiving all nonjurisdictional
defects under the Helms rule (2) and that none of applicant's contentions involved jurisdictional
questions. Collins v. State, No. 3-89-010-CR, (Tex. App. -- Austin, February 7, 1990, pet.
ref'd).

 Applicant contends the uncontroverted evidence demonstrates that: (1) she suffered
harm as the result of the ineffectiveness of her trial counsel; and that (2) her plea of nolo
contendere was involuntary.

 At the evidentiary hearing on the application in the trial court, a stipulation entered
into by the parties and approved by the court provided in relevant part:  (1) that the trial court
advised applicant that she had the right to appeal her pretrial motions when she was placed on
deferred adjudication, when she was adjudged to be guilty, and when her motion for a new trial
was overruled; (2) in entering an unnegotiated plea she relied on her counsel's advice that she
would be allowed to appeal the court's adverse rulings on her pretrial motions and would not have
entered her plea if she had known that she could not appeal; and (3) that applicant appealed and
was denied review on the merits of her pretrial motions. In light of our disposition of applicant's
contention that her plea of nolo contendere was involuntary, we find it unnecessary to address her
ineffective assistance of counsel contention.

 In its conclusions of law, the trial court found that applicant's plea of nolo
contendere was voluntary and understandingly entered without a recommendation as to
punishment, thereby waiving all jurisdictional defects.

 In Ex parte Evans, 690 S.W.2d 274, 276 (Tex. Crim. App. 1985), the court, 
reviewed the requirement that a guilty plea (3) be voluntary:


 One basic tenet of our criminal jurisprudence is that a guilty plea entered
by a defendant must be freely, knowingly, and voluntarily entered. Art. 26.13,
V.A.C.C.P. and its precursors codify this due process requirement so that it is
assured that each defendant who pleads guilty to a criminal offense does so with
a "full understanding of charges and the consequences of his plea." (Citations
omitted).


 In Evans, 690 S.W.2d at 279, the court held that the erroneous advice of counsel
on the subject of parole eligibility will not render the plea involuntary because of the speculative
nature of parole eligibility, an event "whose time of occurrence, if any, cannot even be accurately
guessed at." Unlike Evans, the advice given applicant by her attorney in the instant cause
concerned a legal question about which there had been no uncertainty since the Helms decision
in 1972. In light of the trial court's approval of the stipulation by the parties, it is undisputed that
applicant's plea of nolo contendere was induced by her counsel's erroneous advice that she would
be able to appeal the court's adverse rulings on her pretrial motions. See Tex. R. App. P. Ann.
50(c) (Supp. 1992). In Ex parte Battle, 817 S.W.2d 81, 83 (Tex. Crim. App. 1991), the court
stated that "a defendant's election to plead guilty or nolo contendere when based upon erroneous
advise of counsel is not done voluntarily and knowingly."

 In Wooten v. State, 612 S.W.2d 561, 563 (Tex. Crim. App. 1981), the court stated,
"As a matter of constitutional law a guilty plea cannot be said to have been voluntary if it was
induced by an agreement, approved by the court, that a question could be appealed when that
agreement cannot be fulfilled." While there was no plea bargain for the court to approve in the
instant cause before applicant entered her plea, we believe the court's statements to applicant that
she could appeal the court's rulings on her pretrial motions clearly had the effect of giving tacit
approval to her counsel's erroneous advice regarding her right to appeal. See Ex parte Kelly, 676
S.W.2d 132, 135 (Tex. Crim. App. 1984).

 We conclude that under the foregoing circumstances the applicant's plea was not
made knowingly and voluntarily. The district court's order denying relief is reversed, and the
relief sought is granted. The judgment of conviction is reversed, and the applicant is remanded
to the Sheriff of Bell County to answer the indictment in Cause No. 36,389 in the 27th District
Court.

 

 Tom G. Davis, Justice

[Before Chief Justice Carroll, Justices B. A. Smith and Davis*]

Relief Granted; Reversed and Remanded

Filed:  April 22, 1992

[Do Not Publish]


* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (1988).
1.   In Ex parte Renier, 734 S.W.2d 349, 353 (Tex. Crim. App. 1987), the court held that where
a person convicted of a felony offense is not under restraint, post-conviction relief must be
pursued under Article V, § 8, in the district courts, and, failing there, appeal to a court of
appeals, subject to discretionary review by the Court of Criminal Appeals.
2.   Helms v. State, 484 S.W.2d 925, 927 (Tex. Crim. App. 1972); see also King v. State, 687
S.W.2d 762, 766 (Tex. Crim. App. 1985).
3.   The plea of nolo contendere is the legal equivalent of a guilty plea. See Snyder v. State, 629
S.W.2d 930, 932 (Tex. Crim. App. 1982).