Joel Rene VALDEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 03–93–00362–CR.

Court of Appeals of Texas, Austin.

Feb. 15, 1995.

Rehearing Overruled March 29, 1995.

---

Keith D. Maples, The Law Offices of Malcolm S. Nettles, P.C., Austin, for appellant.

Ronald Earle, Dist. Atty., David Counts, Asst. Dist. Atty., Austin, for appellee.

CARROLL, Chief Justice.

A jury found appellant Joel Rene Valdez guilty of aggravated sexual assault and assessed punishment at imprisonment for forty years. Act of May 26, 1987, 70th Leg., R.S., ch. 573, § 1, 1987 Tex.Gen.Laws 2275, amended by Act of July 18, 1987, 70th Leg., 2d C.S., ch. 16, § 1, 1987 Tex.Gen.Laws 80 (Tex.Penal Code Ann. § 22.021, since amended). In his sole point of error, appellant contends that the trial court committed reversible error by denying appellant's motion for new trial. We will affirm.

## BACKGROUND

Appellant filed a motion for new trial with supporting affidavits from two jurors alleging jury misconduct and receipt of other evidence. At the hearing on the motion for new trial, six jurors testified that the jury foreman, Terry Morris, discussed the applicability of parole and good conduct time during the penalty phase of jury deliberations, even though the trial court had instructed the jury in its charge that they were not to discuss how long the appellant would be required to serve on any sentence imposed.

On direct examination, juror Petra Padilla testified to the following:

Q: [DEFENSE COUNSEL] The verdict of the jury was 40 years. Is that correct?

THE WITNESS: Yes, sir.

Q: The instructions from the Court, given by the Court, indicated that Mr. Valdez would have to serve one-fourth of any time he received. Is that correct?

A: Yes.

Q: Was there any discussion by Mr. Morris that Mr. Valdez would have to serve any more or less time than the one-fourth sentence?

A: Just about seven years I think, 10 years.

Q: Did he indicate that Mr. Valdez would get time off from that 10 years for good behavior?

A: Yeah. Three.[1]

Q: Three years?

A: Yes, sir.

---

1. This statement by Morris constituted a misstatement of the law. The trial court had instructed the jury that appellant would not become eligible for parole until the actual time served equals one-fourth of the sentence imposed or fifteen years, whichever is less, "without consideration of any good conduct time he may earn."

Q: Did he assert that as a fact? It was a fact that he took those three years off?

A: Yes.

Q: Did he seem to you to know the law and know what he was talking about?

A: I don't understand the question.

Q: Did he seem sure of himself when he said that.

A: Oh, the foreman?

Q: Yes.

A: Oh, yes.

Q: Did you rely upon that in reaching your verdict?

A: Well, when he said that he'll come out in that time, that's when I gave in and gave him 40.

Q: Okay. Now, were you going to vote for less than 40?

A: Twenty.

Q: You were going to vote for 20?

A: Yes, sir.

\* \* \* \* \* \*

Q: Did you change your vote to a harsher punishment because of what Mr. Morris said?

A: Yes.[2]

At some point during the discussion concerning parole and good conduct time, other members of the jury told Morris that he was wrong and that they thought appellant would have to serve at least ten years if he were sentenced to forty years. Despite this reprimand of Morris, Padilla continued to believe his improper statement of the law. In response to a question posed by the court, she testified, "I believed Mr. Morris because I thought since he was the head of the jury he knew what he was doing."

Appellant argues that the jurors' discussion of the application of parole law violated his right to a fair and impartial trial and constituted reversible error under *Sneed v. State*, 670 S.W.2d 262 (Tex.Crim.App.1984). The trial court denied the appellant's motion for a new trial.

## DISCUSSION

█ In *Sneed,* the Court of Criminal Appeals ruled that in order to show reversible error based on a discussion of parole by a jury, the appellant must prove the existence of each of the following factors:

(1) a misstatement of the law

(2) asserted as a fact

(3) by one professing to know the law

(4) which is relied upon by other jurors

(5) who for that reason changed their vote to a harsher punishment.

*Sneed,* 670 S.W.2d at 266. In order to meet this burden of proof, a defendant must produce juror testimony as to each of the five factors.

The State claims that the trial court erred in hearing the jurors' testimony over the State's objections under Texas Rule of Criminal Evidence 606(b). Rule 606(b) states:

Upon an inquiry into the validity of a verdict or indictment, a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon his or any other juror's mind or emotions as influencing him to assent to or dissent from the verdict or indictment or concerning his mental processes in connection therewith, *except that a juror may testify as to any matter relevant to the validity of the verdict or the indictment.* Nor may his affidavit or evidence of any statement by him concerning a matter about which he would be precluded from testifying be received for these purposes.

Tex.R.Crim.Evid. 606(b) (emphasis added). In *Buentello v. State,* 826 S.W.2d 610 (Tex. Crim.App.1992), the Court of Criminal Appeals directly confronted the question of whether the adoption of Rule 606(b) changed the law regarding testimony admissible to impeach a jury's verdict, and whether the five-part test set out in *Sneed* still applies under Rule 606(b).

---

**2.** Juror Sharyle Solis also testified that there was a misstatement of the law asserted as a fact by one professing to know the law—Morris—that was relied upon by other jurors. However, Solis made inconsistent statements as to whether she changed her vote to a harsher punishment based on Morris's misstatement.

■ The court determined that the plain language of Rule 606(b) indicates that jurors are not immune from testifying at a hearing on a motion for new trial and concluded that the *Sneed* test remains a viable means of determining whether a jury's discussion of parole law constitutes reversible error. The court held that "a juror may testify about 'any matter,' as long as it is 'relevant to the validity of the verdict.'" *Buentello*, 826 S.W.2d at 613. The trial court has discretion to determine whether the testimony sought to be elicited is relevant, and an appellate court should not disturb its decision absent an abuse of discretion. *Id.* We therefore reject the State's argument that the trial court erred in hearing the jurors' testimony, and we will proceed to apply the five-prong *Sneed* test to determine whether the jury's discussion of parole law constitutes reversible error.

"It is well established that issues of fact as to jury misconduct raised at a hearing on motions for new trial are for the determination of the trial judge, and where there is conflicting evidence there is no abuse of discretion where the motion for new trial is overruled." *Sneed*, 670 S.W.2d at 266. *See also Tollett v. State*, 799 S.W.2d 256, 259 (Tex.Crim.App.1990) (holding that the decision on a motion for new trial rests within the sound discretion of the trial court). Applying the five-prong test to the instant case, it is obvious that the first prong of the test is met, as even the State concedes; Morris made a misstatement of the law concerning the applicability of parole and good conduct time.

■ However, the trial court concluded that appellant failed to meet the second prong of the *Sneed* test, determining that the misstatement of law was not asserted as a fact. In support of its conclusion, the trial court cited Morris's affidavit, in which he stated that he "mentioned as a hypothetical that we may believe the defendant will actually serve ten years when in fact he only serves seven years" and that he "used this for illustrative purposes only." The court also relied on testimony of two other jurors, John Lowery and Joan May, who testified that they did not perceive Morris's statement

as an assertion of fact but rather that it came up during discussions by the jury regarding how to interpret the parole law.

It is apparent from the trial-court record that there was conflicting evidence as to whether Morris's statement was actually asserted as a fact. Appellant concedes in his brief that there was conflicting evidence as to whether Morris's misstatement of the law was asserted as a fact: "The jurors were divided on their opinion of whether Mr. Morris' statement was one of *fact*." The trial court, as the finder of fact, was free to evaluate the conflicting testimony and conclude that the appellant failed to meet the second prong of the *Sneed* test. There was no reversible error because the trial court did not abuse its discretion in overruling the motion for new trial based on the conflicting evidence. We therefore overrule appellant's sole point of error and affirm the trial court's judgment.