TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-96-00056-CR







Raul Ruban Rodriguez, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT


NO. CR-95-233, HONORABLE CHARLES RAMSAY, JUDGE PRESIDING







Appellant pleaded guilty to an indictment accusing him of intoxication manslaughter. See
Tex. Penal Code Ann. § 49.08 (West 1994). The district court adjudged him guilty and assessed
punishment at imprisonment for twelve years, as called for in a plea bargain agreement. Appellant filed a
motion for new trial contending that his plea was involuntary because of his trial attorney's ineffective
assistance. The court overruled the motion following a hearing, and we will affirm.

Erroneous legal advice that prevents a defendant from making an informed and conscious
choice about whether to waive his right to a jury trial constitutes ineffectiveness. Ex parte Canedo, 818
S.W.2d 814, 815 (Tex. Crim. App. 1991). If his attorney's misinformation induces a defendant to plead
guilty, the plea is involuntary. Ex parte Kelly, 676 S.W.2d 132, 135 (Tex. Crim. App. 1984). See also
Ex parte Morrow, 952 S.W.2d 530, 536 (Tex. Crim. App. 1997).

At the new trial hearing, appellant testified that his trial attorney told him that the deceased
in this case was the child of a prominent family, that the family wanted him to receive the maximum possible
punishment, and that there was a possibility that the State would reindict him for a first degree felony
carrying a possible life sentence. Appellant said that he would not have accepted the plea bargain offer if
he had known that he faced, at most, imprisonment for twenty years. Appellant's mother and a friend also
testified that appellant believed that he faced a possible life sentence.

Appellant's trial attorney also testified at the hearing. He acknowledged telling appellant
that the victim's family was prominent in the community and that they wanted appellant to receive a harsh
sentence. He denied, however, telling appellant that it was possible that he could be reindicted for a first
degree felony. Counsel also testified that he was given full access to the prosecutor's file, that the evidence
of appellant's guilt was overwhelming, and that he had explained to appellant that his best trial strategy was
to seek to mitigate punishment. The State offered in evidence a letter from counsel to the prosecutor
offering a guilty plea in exchange for a ten-year sentence. Counsel stated that appellant knew of and agreed
to this offer. Counsel testified that he had many meetings with appellant, that appellant was an intelligent
man who fully understood the charge against him, and that appellant's decision to accept the State's plea
offer was voluntary.

The record reflects that the district court properly admonished appellant regarding the range
of punishment before accepting the guilty plea. Appellant told the court at the plea proceeding that he was
acting freely and voluntarily, and gave no sign that he was reluctant to plead guilty. Appellant did not seek
to withdraw his plea at the sentencing proceeding one month later.

On appeal from an order overruling a motion for new trial, the appellate court must defer
to the trial court's credibility determinations when the evidence at the hearing was conflicting. See Quinn
v. State, 958 S.W.2d 395, 401-02 (Tex. Crim. App. 1997); Valdez v. State, 893 S.W.2d 721, 724
(Tex. App.--Austin 1995, pet. ref'd). Appellant's trial counsel denied telling him that he faced a possible
life sentence, and we must assume that the trial court believed counsel's testimony and disbelieved
appellant's testimony to the contrary. Nevertheless, appellant argues that he thought he faced a possible
life sentence and that counsel was ineffective because he "failed to effectively communicate" to appellant
that he was not exposed to a possible life sentence. But here also there is evidence contrary to appellant's
contention. Before accepting the guilty plea, the district court admonished appellant that with respect to
the charged offense he faced a maximum sentence of twenty years. Appellant stated for the record that
he understood this. Appellant also told the court that he wished to waive his right to a jury trial and plead
guilty. At the new trial hearing, counsel denied pressuring or coercing appellant to accept the State's plea
offer and testified that appellant's decision to plead guilty was freely and voluntarily made.

Viewed in the light most favorable to the district court's ruling, the evidence supports the
conclusion that appellant understood the charge against him, knew that the maximum punishment for the
alleged offense was imprisonment for twenty years, and voluntarily waived his right to a jury trial and
pleaded guilty in exchange for the State's punishment recommendation. The district court did not abuse its
discretion by overruling appellant's motion for new trial.

The point of error is overruled and the judgment of conviction is affirmed.



 

 Marilyn Aboussie, Justice

Before Justices Aboussie, Jones and Kidd

Affirmed

Filed: June 11, 1998

Do Not Publish



ney's ineffective
assistance. The court overruled the motion following a hearing, and we will affirm.

Erroneous legal advice that prevents a defendant from making an informed and conscious
choice about whether to waive his right to a jury trial constitutes ineffectiveness. Ex parte Canedo, 818
S.W.2d 814, 815 (Tex. Crim. App. 1991). If his attorney's misinformation induces a defendant to plead
guilty, the plea is involuntary. Ex parte Kelly, 676 S.W.2d 132, 135 (Tex. Crim. App. 1984). See also
Ex parte Morrow, 952 S.W.2d 530, 536 (Tex. Crim. App. 1997).

At the new trial hearing, appellant testified that his trial attorney told him that the deceased
in this case was the child of a prominent family, that the family wanted him to receive the maximum possible
punishment, and that there was a possibility that the State would reindict him for a first degree felony
carrying a possible life sentence. Appellant said that he would not have accepted the plea bargain offer if
he had known that he faced, at most, imprisonment for twenty years. Appellant's mother and a friend also
testified that appellant believed that he faced a possible life sentence.

Appellant's trial attorney also testified at the hearing. He acknowledged telling appellant
that the victim's family was prominent in the community and that they wanted appellant to receive a harsh
sentence. He denied, however, telling appellant that it was possible that he could be reindicted for a first
degree felony. Counsel also testified that he was given full access to the prosecutor's file, that the evidence
of appellant's guilt was overwhelming, and that he had explained to appellant that his best trial strategy was
to seek to mitigate punishment. The State offered in evidence a letter from counsel to the prosecutor
offering a guilty plea in exchange for a ten-year sentence. Counsel stated that appellant knew of and agreed
to this offer. Counsel testified that he had many meetings with appellant, that appellant was an intelligent
man who fully understood the charge against him, and that appellant's decision to accept the State's plea
offer was voluntary.

The record reflects that the district court properly admonished appellant regarding the range
of punishment before accepting the guilty plea. Appellant told the court at the plea proceeding that he was
acting freely and voluntarily, and gave no sign that he was reluctant to plead guilty. Appellant did not seek
to withdraw his plea at the sentencing proceeding one month later.

On appeal from an order overruling a motion for new trial, the appellate court must defer
to the trial court's credibility determinations when the evidence at the hearing was conflicting. See Quinn
v. State, 958 S.W.2d 395, 401-02 (Tex. Crim. App. 1997); Valdez v. State, 893 S.W.2d 721, 724
(Tex. App.--Austin 1995, pet. ref'd). Appellant's trial counsel denied telling him that he faced a possible
life sentence, and we must assume that the trial court believed counsel's testimony and disbelieved
appellant's testimony to the contrary. Nevertheless, appellant argues that he thought he faced a possible
life sentence