TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-98-00391-CR






Christopher Alexander Nunez, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT


NO. 47,984, HONORABLE WILLIAM C. BLACK, JUDGE PRESIDING







 Appellant Christopher Nunez pleaded guilty to an indictment accusing him of the
offense of sexual assault of a child fewer than seventeen years old. See Tex. Penal Code Ann.
§ 22.011(a)(2) (West 1994). The trial court concluded that sufficient evidence existed to find
appellant guilty, but withheld the finding pending a presentence investigation report. After
reviewing the report, the trial court found appellant guilty and assessed punishment at
imprisonment for ten years. Appellant filed a motion for new trial contending that his plea was
involuntary because of his trial attorney's ineffective assistance. Following a hearing, the district
court overruled the motion. By a sole point of error, appellant contends that his attorney's
ineffective assistance caused him to make an involuntary and unknowing election to plead guilty
and waive a jury trial. We will affirm the conviction.

 Erroneous legal advice that prevents a defendant from making an informed and
conscious choice about whether to waive his right to a jury trial constitutes ineffective assistance. 
Ex parte Canedo, 818 S.W.2d 814, 815 (Tex. Crim. App. 1991). If a defense counsel's
misinformation induces a defendant to plead guilty, the plea is involuntary. Ex parte Kelly, 676
S.W.2d 132, 135 (Tex. Crim. App. 1984). When a defendant enters a plea upon the advice of
counsel and subsequently challenges the voluntariness of that plea based upon ineffective assistance
of counsel, the voluntariness of the plea depends on (1) whether counsel's advice was within the
range of competence demanded of attorneys in criminal cases and, if not, (2) whether there is a
reasonable probability that, but for counsel's errors, the defendant would not have pleaded guilty
and would have insisted on going to trial. Ex parte Morrow, 952 S.W.2d 530, 536 (Tex. Crim.
App. 1997) (citing Hill v. Lockhart, 474 U.S. 52 (1985)). 

 At the motion for new trial, appellant did not testify but offered his affidavit as
evidence. In the affidavit he stated that (1) he wanted to have the case heard and decided by a
jury, but that his attorney insisted that he plead guilty and then go before the trial court on the
issue of punishment; (2) his attorney did not advise him that the offense of which he was charged
did not allow a probated sentence upon a finding of guilt or that he would be required to serve at
least one-half of any jail sentence imposed; (3) his attorney did not adequately prepare him to
testify at trial or prepare him for cross-examination; and (4) his attorney assured him that he would
receive a probated sentence upon pleading guilty.

 Appellant's attorney testified at the hearing on the motion for new trial and refuted
appellant's contentions. The attorney stated that he conferred with appellant several times about
the case before appellant entered his guilty plea. The attorney concluded that appellant had given
a proper written confession and appellant agreed with him that guilt was not an issue and the only
open question was punishment. The two discussed entering an open plea to the offense because
the only possibility for probation was if the trial court granted appellant deferred adjudication. 
See Tex. Code Crim. Proc. Ann. art. 42.12 §§ 3g (Q)(H), 5(a) (West Supp. 1999).

 With respect to appellant's desire for a jury trial, his attorney recalled that he and
appellant discussed trial to a jury or the judge at least twice before he pleaded guilty and certainly
in a conversation they had on March 19, 1998. The attorney recalled that appellant told him that
he knew he would be found guilty by a jury because of his confession and that he did not want to
take a chance on what a jury might do. At the time of their discussions, the attorney believed that
appellant understood the range of punishment being open as to both deferred adjudication
probation and the possibility of receiving time in the penitentiary.

 With respect to appellant's claim that his attorney did not prepare him to testify or
for cross-examination, the attorney testified he told appellant to tell the truth. The attorney
explained that he and appellant went over the facts of the case, and he told appellant if he told the
truth he would not have to worry about cross-examination.

 With respect to appellant's claim that he was misinformed about his eligibility for
probation and parole, his attorney testified that he explained to appellant he was only eligible for
deferred adjudication probation. The attorney explained the deferred adjudication process to
appellant. Although appellant claims that his attorney promised or assured him he would receive
a probated sentence if he pleaded guilty, his attorney testified that "he never promised that to
anybody on an open plea. Even when it's a plea bargain for probation, I tell them the court does
not have to accept it." The attorney testified that he thought appellant "had a good opportunity
or a good chance of getting deferred adjudication, but it was never guaranteed [to him]." 
Regarding parole, the attorney testified that he "never makes promises as to when parole would
be [granted]."

 On appeal from an order overruling a motion for new trial, the appellate court must
defer to the trial court's credibility determinations when the evidence at the hearing was
conflicting. See Quinn v. State, 958 S.W.2d 395, 401-02 (Tex. Crim. App. 1997); Valdez v.
State, 893 S.W.2d 721, 724 (Tex. App.--Austin 1995, pet. ref'd). Based upon the trial court's
overruling the motion for new trial, the trial court chose to believe the attorney's version of events
related to appellant's pleading guilty and waiving a jury trial. The appellate court must defer to
the trial court's determination regarding the attorney's credibility.

 Additionally, the record reflects that the trial court properly admonished appellant
regarding the range of punishment before accepting the guilty plea. Appellant told the trial judge
at the plea proceeding that he was acting freely and voluntarily, and gave no sign he was reluctant
to plead guilty.

 Appellant did not seek to withdraw his plea at the sentencing proceeding one month
later. At the sentencing hearing, appellant testified that he and his attorney discussed that his only
possibility for probation was if the trial court granted him deferred adjudication. In addition,
appellant understood that if the trial court granted him deferred adjudication and he later violated
his probation in any way, he could be sent to prison for a maximum of twenty years. Moreover,
appellant acknowledged that because of the nature of the offense he would have to report and
register as a sex offender for the remainder of his life. On cross-examination, appellant testified:


[State's Attorney]: Did you believe that if you were caught doing what you knew
to be wrong did you figure that you'd come up and get a
probation?


[Appellant]: No, sir.


[State's Attorney]: Because you really knew that if you got caught doing what
was illegal, you risk and face going where?


[Appellant]: To prison, I guess.



 Appellant's attorney's advice was within the range of competence required of
defense attorneys in criminal cases and thus his plea was voluntary. See Morrow, 952 S.W.2d at
536. Viewed in the light most favorable to the trial court's ruling, the evidence supports the
conclusion that appellant understood the charge against him, voluntarily waived his right to a jury
trial, pleaded guilty, and knew the maximum punishment for the alleged offense was imprisonment
for twenty years. (1) We conclude that the district court did not abuse its discretion by overruling
appellant's motion for new trial.

 The point of error is overruled and the judgment of conviction is affirmed.



 

 J. Woodfin Jones, Justice

Before Justices Jones, B. A. Smith and Yeakel

Affirmed

Filed: May 27, 1999

Do Not Publish

1.   Even if the attorney's advice had not been within the range of competence demanded of
criminal defense attorneys, appellant failed to assert on appeal that but for the attorney's errors,
he would not have pleaded guilty and would have insisted on going to trial. See Morrow, 952
S.W.2d at 536. Appellant only asserted that he "might have made a different decision which could
have resulted in a different outcome of the case." 


t does
not have to accept it." The attorney testified that he thought appellant "had a good opportunity
or a good chance of getting deferred adjudication, but it was never guaranteed [to him]." 
Regarding parole, the attorney testified that he "never makes promises as to when parole would
be [granted]."

 On appeal from an order overruling a motion for new trial, the appellate court must
defer to the trial court's credibility determinations when the evidence at the hearing was
conflicting. See Quinn v. State, 958 S.W.2d 395, 401-02 (Tex. Crim. App. 1997); Valdez v.
State, 893 S.W.2d 721, 724 (Tex. App.--Austin 1995, pet. ref'd). Based upon the trial court's
overruling the motion for new trial, the trial court chose to believe the attorney's version of events
related to appellant's pleading guilty and waiving a jury trial. The appellate court must defer to
the trial court's determination regarding the attorney's credibility.

 Additionally, the record reflects that the trial court properly admonished appellant
regarding the range of punishment before accepting the guilty plea. Appellant told the trial judge
at the plea proceeding that he was acting freely and voluntarily, and gave no sign he was reluctant
to plead guilty.

 Appellant did not seek to withdraw his plea at the sentencing proceeding one month
later. At the sentencing hearing, appellant testified that he and his attorney discussed that his only
possibility for probation was if the trial court granted him deferred adjudication. In addition,
appellant understood that if the trial court granted him deferred adjudication and he later violated
his probation in any way, he could be sent to prison for a maximum of twenty years. Moreover,
appellant acknowledged that because of the nature of the offense he would have to report and
register as a sex offender for the remainder of his life. On cross-examination, appellant testified:


[State's Attorney]: Did you believe that if you were caught doing what you knew
to be wrong did you figure that you'd come up and get a
probation?


[Appellant]: No, sir.


[State's Attorney]: Because you really knew that if you got caught doing what
was illegal, you risk and face going where?


[Appellant]: To prison, I guess.



 Appellant's attorney's advice was within the range of competence required of
defense attorneys in criminal cases and thus his plea was voluntary. See Morrow, 952 S.W.2d at
536. Viewed in the light most favorable to the trial court's ruling, the evidence supports the
conclusion that appellant understood the charge against him, voluntarily