IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-71,726-01 & WR-71,726-02






EX PARTE KRIS DEON WILLIAMS, Applicant








ON APPLICATIONS FOR WRITS OF HABEAS CORPUS


CAUSE NOS. 1056397-A & 1056242-A IN THE 248TH DISTRICT COURT


FROM HARRIS COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two
aggravated robbery offenses and sentenced to twenty (20) years' imprisonment on each offense. The
Fourteenth Court of Appeals affirmed his convictions. Williams v. State, Nos. 14-06-00680-CR & 
14-06-00681-CR, (Tex. App.-- Houston [14th Dist.], 2007, no pet.). 

 Applicant contends inter alia that his guilty pleas were involuntary because of counsel's
deficient advise concerning his eligibility for community supervision. Specifically, he alleges that
counsel told him that the judge could grant community supervision if he entered open guilty pleas. 
However, Applicant was ineligible for judge ordered community supervision by law because he was
facing aggravated robbery charges. See Tex. Code Crim. Proc Art. 42.12 § 3g(f). 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); See Ex parte Kelly, 676 S.W.2d 132 (Tex. Crim. App. 1984). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d) to resolve the fact issues. 
In the appropriate case, the trial court may rely on its personal recollection. Id. The trial court shall
order Applicant's trial counsel to file a supplemental affidavit addressing: (1) whether counsel
requested that the court place Applicant on community supervision under Tex. Code Crim. Proc
Art. 42.12 § 3 and, if so why; (2) whether counsel requested that the court place Applicant on
deferred adjudication community supervision under Tex. Code Crim. Proc Art. 42.12 § 5 and, if
so, why; and, (3) whether counsel believes that Applicant understood what type of community
supervision he was applying for when he entered his open guilty pleas.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law in regard to Applicant's
claim that his pleas were involuntary. Specifically, the trial court shall make findings of fact as to
whether counsel requested that the court place Applicant on judge ordered community supervision
under Tex. Code Crim. Proc Art. 42.12 § 3. The trial court shall also make findings of fact as to
whether counsel requested that court place Applicant on deferred adjudication community
supervision under Tex. Code Crim. Proc Art. 42.12 § 5. The trial court shall also make findings
of fact as to whether counsel believes that Applicant understood what type of community supervision
he was applying for when he entered his open guilty pleas. The trial court shall also make any other
findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of
Applicant's claim for habeas corpus relief.

 These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of
the order granting the continuance shall be sent to this Court. A supplemental transcript containing
all affidavits and interrogatories, a copy of the transcription of the court reporter's notes from the
plea hearing, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: June 3, 2009

Do not publish