Affirmed and Opinion Filed July 12, 2016



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-00552-CR
### No. 05-15-00553-CR

**TRAMAYNE DAVIS, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 3**
**Dallas County, Texas**
**Trial Court Cause Nos. F-1460338-J & F-1460339-J**

## MEMORANDUM OPINION
Before Justices Francis, Fillmore, and Schenck
Opinion by Justice Francis

Tramayne Davis entered open pleas of guilty to two charges of aggravated robbery with a deadly weapon, and the trial court assessed punishment at concurrent ten-year prison terms and a $1,000 fine in one of the cases. In two issues, appellant complains (1) his plea was involuntary because he received ineffective assistance of counsel and (2) the evidence is legally insufficient to support his guilt in one cause, No. 05-15-00552-CR, because the complainant's name at trial did not correspond to the name alleged in the indictment. For reasons set out below, we conclude his issues are without merit. We affirm the trial court's judgments.

Delfino Cruz Sr. and his son, Delfino Cruz Jr., drove into the parking lot of their apartment complex after work one night. They noticed appellant standing nearby and thought he looked "very suspicious." Cruz Jr. was ahead of his father as they walked to the apartment.

Appellant approached Cruz Sr., pointed a gun at his temple, and demanded his money. When appellant tried to take Cruz Sr.'s wallet, the two began struggling and appellant hit Cruz Sr. on his eye with the gun. Cruz Sr. said it hurt. Cruz Jr. heard the noise and returned to help his father. Appellant then pointed the gun at Cruz Jr. and ordered him to get on the ground. Cruz Sr. handed appellant his wallet. As appellant was looking through it, Cruz Jr. got control of appellant's gun and kicked it away. The Cruzes were then able to get appellant on the ground and hold him until the police arrived.

Appellant was arrested and charged with two aggravated robberies. The State made an offer, in each case, of either twenty years for robbery or ten years for aggravated robbery in exchange for appellant's plea of guilty. Appellant rejected the offer and instead entered open pleas of guilty to both charges. Appellant's judicial confession/stipulation of evidence was admitted as evidence. At the conclusion of the plea hearing, the trial court found there was sufficient evidence to substantiate guilt but deferred a finding and reset the cases for sentencing.

At the sentencing hearing, both Cruzes testified as well as the investigating officer, appellant's grandmother and father, and appellant himself. At the conclusion of the evidence, appellant's counsel asked the trial court (1) to not make a deadly weapon finding in the Cruz Jr. case and place appellant on deferred adjudication community supervision on the condition he successfully complete the SAFPF Program and (2) "at a minimum" to retain jurisdiction for shock probation in the Cruz Sr. case. The trial court accepted appellant's pleas of guilty to aggravated robbery and sentenced him to concurrent ten-year prison terms and a $1,000 fine in the Cruz Sr. case. When assessing punishment, the trial court told appellant she "considered probation at one point," but decided against it because appellant was not truthful.

The court recessed but then returned briefly to clarify a matter regarding appellant's right to appeal. At that time, appellant asked if he could get shock probation since his sentence was

–2–

not more than ten years. The trial court responded, "Shock probation? You can ask for it. Your attorney could ask me to do shock probation. You can ask. Okay. Thank you." Two days later, appellant wrote a letter to the judge, again seeking shock probation.

Thereafter, appellant filed a motion for new trial which he subsequently amended. In his amended motion, appellant asserted a claim of ineffective assistance of counsel. Among other things, he asserted that trial counsel advised him he could receive shock probation when he was not eligible on a conviction for aggravated robbery. He asked for a new trial "for the purpose that he be put on deferred adjudication."

A hearing was set on the motion. On the day of the hearing, appellant indicated more than once that he did not want to proceed on the motion for fear that he could receive a harsher sentence if he obtained a new trial. Even so, he testified that at the time of his plea, he believed he was eligible for shock probation based on conversations he had with his trial counsel. Had he known he was not eligible for shock probation, he said he would not have pleaded guilty to the judge. When asked by appellate counsel if he wanted a new trial "for purposes of deferred adjudication," appellant said, "I don't want a trial, but I want to try to get probation."

During cross-examination by the State, the following occurred:

[THE STATE]: Now, Mr. Davis, my understanding you're seeking this motion for new trial or requested one . . . because you were confused as to whether you would receive probation from Judge Lewis?

[APPELLANT]: Yes, ma'am — I mean, yes, sir.

[THE STATE]: Are you aware that the only probation that she could have given you from that open plea was deferred adjudication?

[APPELLANT]: Now I am, yes, sir.

[THE STATE]: Okay. Had you known that you could have received deferred adjudication, you still would have gone forward with your plea with Judge Lewis back when we did this in April, wouldn't you?

[APPELLANT]: Yes.

Following his testimony, appellant again indicated he wanted to forego his motion for new trial and waive his right to appeal. The trial court explained to appellant that the only way to complain about its decision was through an appeal. Following a lengthy exchange and a recess in which appellant talked with his lawyer, appellant continued to vacillate, and the trial court finally determined "to proceed as though he is requesting an appeal."

The State then presented the testimony of appellant's trial counsel, who said he had explained the differences between parole eligibility, deferred adjudication, and shock probation to appellant. Counsel testified that he discussed the State's offers to appellant, and those discussions revolved primarily around the differences between "3g offense parole and non-3g offense parole and the application of good time credit on the non-3g offense." Counsel further said that appellant understood that he could ask for deferred adjudication community supervision. He also believed they discussed shock probation, "if I were able to get [the State] to come down from the 20 [on the reduced charge of robbery] to the ten[.]" Counsel testified he was aware that a defendant is not eligible for shock probation if he is convicted of aggravated robbery or if there is a deadly weapon finding, that he communicated this to appellant, and that appellant indicated he understood. Counsel said after having this discussion, appellant decided to go forward with the open plea. After hearing the evidence, the trial court denied appellant's motion.

In his first issue, appellant contends he received ineffective assistance of counsel. Specifically, he asserts that his pleas of guilty were involuntary because counsel erroneously advised that he was eligible for shock probation.

A defendant has a Sixth Amendment right to effective assistance of counsel in plea proceedings. U.S. CONST. amend. VI; *Ex parte Niswanger*, 335 S.W.3d 611, 614 (Tex. Crim. App. 2011), *abrogated on other grounds by Cornwell v. State*, 471 S.W3d 458 (Tex. Crim. App.

2015). A trial court should not accept a plea unless it appears the defendant is mentally competent and his plea is free and voluntary. TEX. CODE CRIM. PROC. ANN. art. 26.13(b) (West 2009). A guilty plea is not considered knowing and voluntary if it is made because of ineffective assistance of counsel. *Niswanger*, 335 S.W.3d at 614–15.

We evaluate claims of ineffective assistance of counsel under the two-part test set out in *Strickland v. Washington*, 466 U.S. 668 (1984), requiring a showing of both deficient performance and prejudice. *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). In guilty-plea cases, the appellant must show (1) counsel's actions were outside the range of competence demanded of attorneys in criminal cases and (2) there is a reasonable probability that, but for counsel's errors, he would not have entered his plea and would have insisted on proceeding to trial. *Hill v. Lockhart*, 474 U.S. 52, 58–59 (1985); *Niswanger*, 335 S.W.3d 611, 615 (Tex. Crim. App. 2011). A plea of guilty is involuntary if induced by counsel's erroneous advice that the defendant is eligible for shock probation. *See Ex parte Kelly*, 676 S.W.2d 132, 134 (Tex. Crim. App. 1984). But, there must be evidence that the results of the proceeding would have been different had his attorney correctly informed him of the law. *Riley v. State*, 378 S.W.3d 453, 458 (Tex. Crim. App. 2012).

Appellant presented his ineffective assistance claim to the trial court in a motion for new trial. We therefore analyze the ineffective assistance claim as a challenge to the denial of the motion for new trial. *Id*. at 457. We review a trial court's denial of a motion for new trial for an abuse of discretion, reversing only if the trial court's decision was clearly erroneous and arbitrary. *Id*. A trial court abuses its discretion if no reasonable view of the record could support its ruling. *Id.* In making our determination, we view the evidence in the light most favorable to the trial court's ruling. *Id*.

Appellant was convicted of aggravated robbery under section 29.03 of the Texas Penal Code. Article 42.12, section 3g of the Texas Code of Criminal Procedure provides that a person convicted of aggravated robbery is ineligible for judge-ordered community supervision. TEX. CODE CRIM. PROC. ANN. art. 42.12, § 3g(a)(F) (West Supp. 2015). And article 42.12, section 6(a)(1) provides that a person who is ineligible for "regular" community supervision is also ineligible for shock probation. TEX. CODE CRIM. PROC. ANN. art. 42.12, § 6(a)(1); s*ee State v. Dunbar*, 297 S.W.3d 777, 780 (Tex. Crim. App. 2009) (considering shock community supervision in indecency with a child conviction). Because appellant was not eligible for regular probation on his plea of guilty before the judge, he likewise was not eligible for shock probation.

Here, the evidence at the new trial hearing conflicted on what trial counsel told appellant regarding his eligibility for shock probation. Appellant testified counsel told him he was eligible for shock probation on his plea of guilty to aggravated robbery. Trial counsel testified he believed they discussed shock probation in the context of a reduced robbery charge with a ten-year sentence. At sentencing, trial counsel asked the trial court to consider shock probation on the aggravated robbery charge involving Cruz Jr., which suggests he believed appellant was eligible. At the time he made the request, the trial court had not made a finding of guilt, so perhaps counsel hoped for a finding of guilt on the lesser charge of robbery, which would have allowed for shock probation.

Regardless, even if we assume appellant was given misinformation regarding his eligibility for shock probation, he has failed to show that but for the erroneous advice, he would not have entered the plea and would have insisted on going to trial. At the new trial hearing, appellant testified he was "now" aware that he could have received *only* deferred adjudication community supervision on his open plea of guilty to the trial court. And he testified that had he known that information at the time, he still would have gone forward with his plea of guilty. In

–6–

other words, appellant testified he would have pleaded guilty in hopes of receiving deferred adjudication community supervision regardless of any advice on shock probation. Given this testimony, we conclude the trial court did not abuse its discretion in rejecting appellant's claim of ineffective assistance of counsel based on trial counsel's erroneous advice regarding shock probation. We overrule the first issue.

In his second issue, appellant argues the evidence was legally insufficient to support his conviction in the Cruz Sr. case because "one of the elements, the correct complainant, was omitted from the evidence of the open plea and sentencing." Specifically, he argues the indictment and judicial confession both name Delfino Cruz-Gomez as the complaining witness, but the State called "Delfino Cruz" at trial.

When a defendant waives his right to a jury and pleads guilty to a felony, the State "must introduce evidence into the record showing the guilt of the defendant" to serve as the basis of the trial court's judgment. TEX. CODE CRIM. PROC. ANN. art. 1.15 (West 2005). The supporting evidence need not prove the defendant's guilt beyond a reasonable doubt. *McGill v. State*, 200 S.W.3d 325, 330 (Tex. App.—Dallas 2006, no pet.); *see Ex parte Martin*, 747 S.W.2d 789, 791–92 (Tex. Crim. App. 1988) (op. on reh'g). Rather, the evidence sufficiently supports a plea of guilty if it embraces every essential element of the offense charged and establishes the defendant's guilt. *Wright v. State*, 930 S.W.2d 131, 132 (Tex. App.—Dallas 1996, no pet.) (citing *Stone v. State*, 919 S.W.2d 424, 427 (Tex. Crim. App. 1996).

A person commits the offense of aggravated robbery if he commits robbery and uses or exhibits a deadly weapon. TEX. PENAL CODE ANN. § 29.03(a)(2) (West 2011). A person commits robbery if, in the course of committing theft, and with intent to obtain or maintain control of the property, he intentionally, knowingly, or recklessly causes bodily injury to another. *Id*. § 29.02(a)(1) (West 2011). In this case, the indictment tracked the language of the statute and

alleged that appellant "intentionally and knowingly, while in the course of committing theft of property and with intent to obtain and maintain control of said property, cause[d] bodily injury to another, DELFINO CRUZ-GOMEZ, hereinafter called complainant, by STRIKING COMPLAINANT WITH A FIREARM, and the defendant used and exhibited a deadly weapon, to-wit: A FIREARM[.]"

At the initial plea hearing, appellant's signed judicial confession/stipulation of evidence was entered into evidence. Appellant's judicial confession addressed every constituent element of the charged offense of aggravated robbery and named Delfino Cruz-Gomez as the complainant. Further, in his judicial confession, appellant admitted that he committed the offense exactly as charged in the indictment. A judicial confession, standing alone, is sufficient to sustain a conviction based on a guilty plea and satisfies the requirements of article 1.15 as long as it embraces every element of the charged offense. *Menefee v. State*, 287 S.W.3d 9, 13 (Tex. Crim. App. 2009); *Dinnery v. State*, 592 S.W.2d 343, 353 (Tex. Crim. App. 1980) (op. on reh'g). We conclude appellant's judicial confession, standing alone, was sufficient to support his plea in the Cruz Sr. case. We overrule the second issue.

We affirm the trial court's judgments.

/Molly Francis/
MOLLY FRANCIS
Do Not Publish                      JUSTICE
Tex. R. App. P. 47

150552F.U05

–8–



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

TRAMAYNE DAVIS, Appellant

No. 05-15-00552-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 3, Dallas County, Texas
Trial Court Cause No. F-1460338-J.
Opinion delivered by Justice Francis;
Justices Fillmore and Schenck participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered July 12, 2016.



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

TRAMAYNE DAVIS, Appellant

No. 05-15-00553-CR       V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 3, Dallas County, Texas
Trial Court Cause No. F-1460339-J.
Opinion delivered by Justice Francis;
Justices Fillmore and Schenck participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered July 12, 2016.