**Ex parte Michael CANEDO.**

**No. 71285.**

Court of Criminal Appeals of Texas,
En Banc.

Nov. 6, 1991.

Robert J. Barrera, San Antonio, for appellant.

Steven C. Hilbig, Dist. Atty. and Edward F. Shaughnessy, III, Asst. Dist. Atty., San Antonio, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

MILLER, Judge.

Applicant was convicted by a jury of aggravated sexual assault of a child, and the trial court sentenced him to ten years in the Texas Department of Corrections.[1] He has filed this post-conviction application for writ of habeas corpus pursuant to the provisions of Article 11.07, V.A.C.C.P. This Court filed and set his application to determine whether he was denied the effective assistance of counsel at trial.

The record reveals that applicant had no prior criminal record and was therefore eligible for probation if assessed by the jury. Article 42.12, § 4a, V.A.C.C.P. Before trial, applicant's counsel filed a sworn application for probation and an election to have the jury assess punishment. However, applicant asserts that after the jury had found him guilty, his retained attorney mistakenly believed that he was ineligible

---

1. Now the Texas Department of Criminal Jus-    tice, Institutional Division.

for probation, and erroneously advised him to have the trial court assess punishment.[2] The judgment reflects that the trial court indicated it was retaining jurisdiction for 180 days pursuant to Article 42.12, V.A.C.C.P., presumably so that it could later grant shock probation.

Without holding a hearing or obtaining affidavits, the trial court found that applicant's assertions were mere speculation, and recommended that relief be denied. This conclusion is unsupported by the record, and this Court is not bound by same. See e.g., *Ex parte Adams*, 768 S.W.2d 281, 288 (Tex.Crim.App.1989).

■ After the trial court issued its findings of fact and conclusions of law, applicant himself obtained an affidavit from trial counsel which fully substantiates his allegations. Counsel asserted that applicant was eligible to receive probation from the jury under Art. 42.12, § 4a. He advised applicant to sign a change of election because at the time, he believed that the trial court could grant shock probation, and since this was applicant's first conviction there was a good chance that shock probation would be assessed. However, counsel did not realize until after conclusion of the trial that the trial court had no authority to grant shock probation in an aggravated sexual assault case. Article 42.12, § 6(a)(3), V.A.C.C.P. Counsel specifically stated that this advice was based on his erroneous belief and was not a trial tactic. The change of election deprived applicant of the chance for assessment of probation and, had counsel realized that the trial court was statutorily prohibited from assessing shock probation, he would never have advised applicant to sign the change of election, but would have had the jury assess punishment.

■ The error in this case occurred at the punishment phase. Therefore, the standard of *Ex parte Duffy*, 607 S.W.2d 507 (Tex.Crim.App.1980), applies. *Ex parte Cruz*, 739 S.W.2d 53, 58 (Tex.Crim.

App.1987). Under *Duffy*, the effectiveness of counsel is judged under the Sixth Amendment standard, that is, reasonably effective assistance of counsel. Under that standard, the sufficiency of an attorney's representation is gauged by the totality of his representation of the accused, and not by hindsight. *Id.*

This Court has previously held that erroneous advice which prevented a defendant from making an informed and conscious choice about whether to waive his right to a jury trial rendered counsel's assistance ineffective. *Ex parte Dunham*, 650 S.W.2d 825 (Tex.Crim.App.1983). We have also found an attorney ineffective for failing to timely file an application to have the jury assess punishment. *Ex parte Walker*, 794 S.W.2d 36 (Tex.Crim.App.1990). In *Walker*, although counsel gave competent advice about who should have assessed punishment, he failed to effect his client's wishes by neglecting to file the motion to elect prior to trial. We held that even though the trial court had made findings that counsel had filed numerous pre-trial motions, conducted voir dire, cross-examined the State's witnesses, made numerous objections, made arguments at both phases of the trial, preserved the defendant's right to appeal, investigated the facts of the case, and discussed the law with the defendant, this single error rendered his assistance ineffective. *Id.*, at 37.

In the instant case, counsel correctly advised applicant to have the jury assess punishment, and filed the proper election. However, his mistaken belief that applicant was eligible for shock probation caused him to erroneously advise his client that the trial court should assess punishment instead. This advice deprived applicant of the opportunity for the jury to assess probation, thus causing counsel's performance, based on the totality of the representation, to fall below the standard of reasonableness required of a criminal defense attorney.[3]

2. The trial court was precluded from assessing probation. Article 42.12, § 3g(a)(1)(C), V.A.C.C.P.

3. While we did not discuss, in *Duffy*, the question of harm, the harm resulting from counsel's

error in this case is apparent. Applicant attached to his writ application an affidavit from the jury foreman, Cody White, who indicated that he and the other jurors were surprised to learn that they would not be assessing punishment. White stated that the jury would have

Relief is hereby granted. The judgment and sentence of the trial court are set aside, and the case is remanded to that court. See Article 44.29(b), V.A.C.C.P.

given applicant probation, and that when applicant's counsel was told of this, he indicated that

he thought he had made a mistake in going to the judge.