Travis EVERAGE, Appellant,

v.

The STATE of Texas, Appellee.

No. 3–92–364–CR.

Court of Appeals of Texas,
Austin.

Feb. 24, 1993.

John B. Henderson, Jr., Cameron, for appellant.

Hollis C. Lewis, Jr., County & Dist. Atty., Cameron, for appellee.

Before POWERS, KIDD and B.A. SMITH, JJ.

PER CURIAM.

A jury found appellant guilty of aggravated sexual assault and assessed punishment at imprisonment for fifty-five years. Tex.Penal Code Ann. § 22.021 (West 1989). We will affirm the judgment of conviction.

The State alleged and the jury found that appellant penetrated the vagina of the complaining witness, a six-year-old girl, with his finger. In one of his two points of error, appellant contends the evidence fails to support this finding.

 A person commits an offense if he intentionally or knowingly "causes the penetration of the ... female sexual organ of a child by any means." § 22.-021(a)(1)(B)(i). In this cause, however, the State did not allege the offense in the language of the statute, but instead alleged that appellant penetrated the victim's vagi-

na with his finger. "Vagina" and "female sexual organ" are not synonymous terms. The vagina is the genital canal in the female, extending from the uterus to the vulva. *Aylor v. State*, 727 S.W.2d 727, 729 (Tex.App.—Austin 1987, pet. ref'd). "Female sexual organ" is a more general term that refers to the entire female genitalia, including both the vagina and the vulva. *Id.* at 729–30; *see Vernon v. State*, 841 S.W.2d 407, 409 (Tex.Crim.App.1992) (penetration of female sexual organ does mean penetration of vaginal canal). Having particularly alleged that appellant penetrated the complainant's vagina, the State was obligated to prove that allegation, and the court's charge properly tracked the language of the indictment. *See McWilliams v. State*, 782 S.W.2d 871, 873 (Tex.Crim. App.1990); *Bryant v. State*, 685 S.W.2d 472, 474 (Tex.App.—Fort Worth 1985, pet. ref'd).

The complainant indicated, in response to questions by the prosecutor, that appellant removed her panties, touched her "where you go pee-pee," and that it hurt. The victim's sister, who witnessed the incident, testified that appellant removed the complainant's panties and "[s]tuck his finger up in her," and that this made the complainant cry. The doctor who examined the complaining witness on the night of the assault testified as follows:

Q. What did you find upon inspecting the child?

A. On inspecting the child on a physical exam I found the labia majora, the outer folds of tissue of the vagina were reddened and that there was an abrasion on the right side between the labia majora and the labia minora, approximately a half a centimeter long and that there was also an abrasion at the posterior fourchette, near the opening of the vagina and it also appears that the opening to her vagina may have been enlarged.

Q. When you say that it appears the opening to her vagina may have been enlarged, why do you draw that conclusion?

A. During the physical exam I measured the opening of her vagina and it appears larger than normal.

Q. You said there was an abrasion.

A. Yes, sir.

Q. Could you in layman's terms explain where—what an abrasion is, first?

A. An abrasion is like a scratch.

Q. You said there were two scratches?

A. There were two scratches.

Q. On the vagina, where would they have been located?

A. There was one scratch on the external genitalia, or the outside of the vagina, between the two—if you want to call them, lips of the vagina. There is the labia minora [sic], which is the larger of the two skin folds and the labia minora which is the inner skin fold of the vagina. There was a scratch between the two of those on the right.

Q. Was there a scratch that we would say would be inside the vagina?

A. Yes, there was at the posterior fourchette, which is in between the two inner skin folds at the opening of the vagina.

Q. If a finger were inserted into the vagina, would it have been considered into the vagina in order—if it had caused that scratch?

A. Not necessarily, it would have been at the opening of the vagina, not necessarily inside the vagina, but at the opening of the vagina.

Q. To make the scratch that you described that is the furtherest inside of the vagina, would that have been penetration?

A. It would not be past the hymen so, no, sir. I'm not sure it would be considered penetration.

. . . . .

Q. The scratch that was the furtherest inside, would there have had to have been an opening of that labia minora in order to make that scratch?

A. Yes, sir.

In determining the legal sufficiency of the evidence to support a criminal

conviction, the question is whether, after viewing all the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Geesa v. State*, 820 S.W.2d 154, 161 (Tex.Crim. App.1991). In a prosecution for sexual assault, penetration may be proved by circumstantial evidence. *Nilsson v. State*, 477 S.W.2d 592, 595 (Tex.Crim.App.1972). Proof of the slightest penetration is sufficient. *Id.* We hold that a rational trier of fact could conclude from the evidence in this cause, particularly the doctor's testimony describing the abrasion on and the enlargement of the vaginal opening, that appellant penetrated the victim's vagina with his finger as alleged in the indictment. Point of error two is overruled.

In point of error one, appellant urges that the district court erred in its response to a note from the jury. While deliberating, the jury sent a note requesting, in the words of the district court, "some testimony to be read back, testimony from the doctor and testimony from [the complainant's sister]."[1] Following this, there are parenthetical notations in the statement of facts that "the requested testimony" was read to the jury. In his brief, appellant complains that the testimony read to the jury exceeded that requested, thus violating the statutory injunction that the reporter read "that part of such witness testimony or the particular point in dispute, and no other." Tex.Code Crim. Proc.Ann. art. 36.28 (West 1981); *Pugh v. State*, 376 S.W.2d 760 (Tex.Crim.App.1964).

Appellant did not voice this complaint at trial. Tex.R.App.P. 52(a). Moreover, the record does not disclose the precise testimony read to the jury. Nothing is presented for review. Point of error one is overruled.

The judgment of conviction is affirmed.

1. A copy of the note is in the record, but is illegible.