TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00293-CR







Artavia Todd Edwards, a/k/a


Artavias Todd Edwards, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT


NO. 43,923, HONORABLE JOE CARROLL, JUDGE PRESIDING







PER CURIAM


 A jury found appellant guilty of burglary of a vehicle. Penal Code, 63d Leg.,
R.S., ch. 399, sec. 1, § 30.04, 1973 Tex. Gen. Laws 883, 927 (Tex. Penal Code Ann. § 30.04,
since amended). The district court assessed punishment, enhanced by two previous felony
convictions, at imprisonment for thirty-eight years.

 Around 7:00 a.m. on December 21, 1993, a burglar broke into a car belonging to
Michael Lee as it was parked in the driveway of Lee's residence in Killeen. The burglar, who
drew the attention of several members of the household, fled when Michael Lee ran outside. The
burglar appeared to be carrying something as he ran away and a stereo equalizer was discovered
to be missing from the car. The burglar entered Lee's car by "popping" the front door lock, that
is, by removing the lock mechanism with a screwdriver.

 Michael Lee and his aunt, Cynthia Lee, identified appellant, whom they had known
for four years, as the person they saw inside and running away from Michael Lee's car. 
Appellant sought to discredit these identifications by demonstrating that the burglary took place
before sunrise, when it was difficult to see. It was also shown that when he was first interviewed
by the police, Michael Lee identified the burglar as Octavious Todd Edwards. Finally, defense
witness Francis Davis testified that appellant was with her on the morning of the offense. 

 Harker Heights police officer John Warford and Killeen police officer Randall Joins
were called by the State as rebuttal witnesses. Each testified that the most common method used
by burglars to enter a locked car is to break the window glass. Removing the door lock with a
screwdriver is, by contrast, a rarely used method of entry. Warford testified that he investigated
a burglary of an automobile committed on July 18, 1989, in which the door lock had been popped
with a screwdriver. Joins testified that he investigated a burglary of an automobile committed on
October 29, 1990, in which entry was made in the same manner. It was stipulated that appellant
committed both of those offenses.

 Appellant contends that Warford and Joins should not have been permitted to testify
because the probative value of their testimony was substantially outweighed by the danger of
unfair prejudice. Tex. R. Crim. Evid. 403. Rule 403 requires a balancing of the probative value
of relevant evidence against its potential for unfair prejudice. This task is committed to the
discretion of the trial court, which should favor admission in close cases. McFarland v. State,
845 S.W.2d 824, 837 (Tex. Crim. App. 1992); Montgomery v. State, 810 S.W.2d 372, 389 (Tex.
Crim. App. 1991). In reviewing the trial court's decision to admit extraneous misconduct
evidence over a rule 403 objection, an appellate court must measure the trial court's ruling against
the relevant criteria by which a rule 403 decision is to be made. These criteria include: (1) how
seriously the ultimate fact issue was contested, (2) whether there was other convincing evidence
tending to establish the ultimate issue to which the extraneous misconduct was relevant, (3) the
probative value of the extraneous misconduct evidence, and (4) whether the jury could be
efficaciously instructed to consider the extraneous misconduct evidence only for its intended
purpose. Montgomery, 810 S.W.2d at 392-93.

 Appellant's identity as the burglar was the only contested issue in this cause, and
the question boiled down to a swearing contest between the State's witnesses on the one hand and
appellant's alibi witness on the other. The extraneous offense evidence corroborated Michael and
Cynthia Lee's identifications of appellant by demonstrating that he had committed similar offenses
in a similar manner in the past. The method of entry employed by appellant in the extraneous
burglaries, while not necessarily unique to him, was sufficiently distinctive to earmark it as the
handiwork of appellant. (1) See Bishop v. State, 869 S.W.2d 342, 346 (Tex. Crim. App. 1993);
Owens v. State, 827 S.W.2d 911, 915 (Tex. Crim. App. 1992) (determining relevance under
"system" theory of admissibility). The extraneous offense testimony was not of such an
inflammatory or prejudicial nature that the jury could not be trusted to comply with a limiting
instruction. (2) Considering the relevant criteria identified in Montgomery, the district court has not
been shown to have abused its discretion by overruling appellant's rule 403 objection to the
extraneous offense testimony. Point of error three is overruled.

 Next, appellant argues that the prosecutor engaged in improper jury argument when
he said at the guilt-innocence stage: 



 Why would he fear the punishment in a case such as this? Because the State
wants some severe punishment. I am not willing to make a deal. I want this man
thoroughly punished this time; but that is the second half of the trial. I don't get
there if you don't do your job on this half.



Appellant did not object to these remarks. Tex. R. App. P. 52(a). The argument, if erroneous,
was not so harmful as to be incurable by an instruction to disregard. See Romo v. State, 631
S.W.2d 504, 505 (Tex. Crim. App. 1982); Espinoza v. State, 843 S.W.2d 729, 730-31 (Tex.
App.--Austin 1992, pet. ref'd). Point of error four is overruled.

 In point of error one, appellant contends the district court erred by failing to have
a portion of the testimony read in response to a request by the jury. Tex. Code Crim. Proc. Ann.
art. 36.28 (West 1981). During its deliberations, the jury sent a note to the district court saying,
"The jury panel disagrees on the following point of testimony: Did Cynthia Lee specifically state
the defendant's name while she was on the telephone to the police while the break-in was
occurring?" In fact, Lee testified that she called the police while the burglary was taking place. 
She told the operator that she could see the burglar from where she was standing and knew who
it was. Lee did not testify, however, that she gave the police operator appellant's name during
the telephone conversation. 

 After listening to the court reporter read back Lee's testimony, the court said:



 But in answer to the question, "Did Cynthia Lee specifically state the
Defendant's name while she was on the telephone to the police while the break in
was occurring," so far as we know from reading the record, the answer to that is
"no." But I don't think that it is fair to characterize her testimony by merely
saying "no." And I think if you reread all of her testimony to the jury, then I think
it unduly emphasizes her testimony. And I think if you just answer the question
"no," it is not a fair characterization. And if you reread all of it, I think it is an
unfair emphasis of it.


 So by rereading all of it, I think it is unfair against the Defendant, and by
just saying "no," I think it is unfair against the State. I don't see any way that I
can answer it without hurting or helping one or the other of you, and I think in
order to be fair and square that I just shouldn't answer it at all.



With the express approval of the prosecutor and defense counsel, the district court responded to
the jury's note by saying, "Members of the jury, I cannot answer the question."

 We express no opinion whether the court's action was correct. While we are
referred to no opinion precisely on point, it has been held repeatedly that complaints about error
in the reading of trial testimony must be preserved by objection. Brown v. State, 870 S.W.2d 53,
56 (Tex. Crim. App. 1994); Hollins v. State, 805 S.W.2d 475, 476 (Tex. Crim. App. 1991);
Everage v. State, 848 S.W.2d 357, 359 (Tex. App.--Austin 1993, no pet.). In this cause, appellant
not only failed to object, he expressly stated that he had no objection to the district court's ruling. 
Point of error one presents nothing for review and is overruled.

 Finally, appellant contends defense counsel was ineffective because he failed to
preserve the error alleged in point one. To prevail on a claim of ineffective assistance of counsel
at the guilt stage, an appellant must show that counsel made such serious errors that he was not
functioning effectively as counsel and that these errors prejudiced the appellant's defense to such
a degree that he was deprived of a fair trial. Strickland v. Washington, 466 U.S. 668 (1984);
Hernandez v. State, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986); and see Moore v. State, 694
S.W.2d 528, 531 (Tex. Crim. App. 1985); O'Hara v. State, 837 S.W.2d 139, 143 (Tex.
App.--Austin 1992, pet. ref'd). In reviewing a claim of ineffective assistance, we must indulge
a strong presumption that counsel's conduct fell within the wide range of reasonable professional
assistance. Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994).

 The record is silent as to why defense counsel agreed with the court's decision not
to read back any portion of Cynthia Lee's testimony. (3) We must, therefore, presume that counsel's
decision was made in the exercise of reasonable professional judgment. Id. Because appellant
has failed to show that counsel's assistance was ineffective, point of error two is overruled.

 The judgment of conviction is affirmed.


Before Justices Powers, Kidd and B. A. Smith

Affirmed

Filed: May 31, 1995

Do Not Publish

1.   Joins testified outside the presence of the jury that when he learned that another officer
was investigating a burglary of a motor vehicle in which the driver's door lock had been
popped, "I asked if Todd Edwards was out of prison yet."
2.   The court's charge instructed the jury not to consider any extraneous offense testimony
"unless you find and believe beyond a reasonable doubt that the defendant committed such
other offenses, if any were committed, and even then you may only consider the same in
determining the identity of the defendant, in any, in connection with the offense, if any
alleged against him in the indictment in this case, and for no other purpose."
3.   Were we to speculate, we would think it likely that counsel believed that it would do
appellant more harm than good to permit the jury to rehear Lee's testimony.