TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-97-00709-CR

Derrick Wayne Hightower, Appellant

v.

The State of Texas, Appellee

FROM THE DISTRICT COURT OF JEFFERSON COUNTY, 252ND JUDICIAL DISTRICT

NO. 73732, HONORABLE LEONARD GIBLIN, JUDGE PRESIDING

Indicted for aggravated sexual assault of a child, appellant Derrick Wayne Hightower
pleaded guilty and judicially confessed to the lesser included offense of sexual assault of a child. See Tex.
Penal Code Ann. §§ 22.011, 22.021 (West 1994 & Supp. 1998). The district court found appellant guilty
of the lesser offense and assessed punishment at imprisonment for ten years.

In his only point of error, appellant contends his plea was involuntary because he did not
receive effective assistance of counsel. He states that he would not have pleaded guilty if he been told by
his attorney that deferred adjudication was not possible and that he could go to prison for ten years.

Erroneous legal advice that prevents a defendant from making an informed and conscious
choice about whether to waive his right to a jury trial constitutes ineffectiveness. Ex parte Canedo, 818
S.W.2d 814, 815 (Tex. Crim. App. 1991). If his attorney's misinformation induces a defendant to plead
guilt, the plea is involuntary. Ex parte Kelly, 676 S.W.2d 132, 135 (Tex. Crim. App. 1984).

Appellant did not file a motion for new trial and there is no evidence before us regarding
the advice appellant received from trial counsel. Before accepting the guilty plea, the district court told
appellant, "Now, your lawyer's going to recommend to me that I give you deferred probation. Do you
understand that I can go along with his recommendation if I want to, but I don't have to?" Appellant
replied, "Yes, sir." The court went on, "You understand I can put you in the penitentiary for 20 years
also[?]" Appellant answered, "Yes, sir." Thus, the only relevant evidence indicates that appellant
understood that deferred adjudication was not assured and that he could receive up to twenty years'
imprisonment.

The opinion on which appellant relies, Ex parte Battle, 817 S.W.2d 81 (Tex. Crim. App.
1991), is distinguishable. Battle was a post-conviction habeas corpus proceeding and the court had before
it evidence as to the advice counsel gave the defendant prior to the guilty plea. The evidence established
that the defendant pleaded guilty in reliance on his attorney's advice that he might receive probation, when
in fact probation was legally unavailable for that offense. In the cause before us, we do not know what
counsel told appellant and, in any event, deferred adjudication was not legally foreclosed. See Tex. Code
Crim. Proc. Ann. art. 42.12, § 5(a) (West Supp. 1998).

Appellant has not sustained his burden of demonstrating ineffectiveness of counsel. The
point of error is overruled and the judgment of conviction is affirmed.

 

 John Powers, Justice

Before Justices Powers, Kidd and B. A. Smith

Affirmed

Filed: August 13, 1998

Do Not Publish