# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00001-CR

**Jose Calleja, Jr., Appellant**

v.

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT
NO. 51,278, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING**

Appellant pleaded guilty without a plea bargain to the offense of aggravated robbery and the district court assessed punishment at twenty-five years in prison. Appellant raises a single issue contending that his guilty plea was involuntary because of his attorney's erroneous advice regarding the availability of probation. We will affirm the judgment.

## Background

Before accepting appellant's guilty plea, the trial court admonished him concerning his rights and commented on the fact that there was no plea bargain. The court accepted appellant's guilty plea and the State offered appellant's written judicial confession as evidence. The trial court found the evidence sufficient but withheld a finding of guilt and set the case for a punishment hearing following a presentence investigation. Appellant testified at the punishment hearing. Appellant's

counsel discussed the possibility of probation with the trial court and the following exchange occurred during the punishment hearing:

> [Defense Attorney]:  But [appellant] has no criminal history, Your Honor.  And I would ask that he serve the maximum time up front which is another 59 days and consider putting him on straight probation. . . .
>
> The Court:  He can't be on a straight probation on ag[gravated] robbery.
>
> [Defense Attorney]:  That's right. He can't. I apologize.
>
> The Court:  So what are you asking for?
>
> [Defense Attorney]:  I'm asking to be put on probation, Your Honor.
>
> The Court:  For a deferred adjudication?
>
> [Defense Attorney]:  Which means he cannot go to California.  It's kind of a quagmire.  He has no, no people here, isn't that right?
>
> The Defendant:  That's right.
>
> [Defense Attorney]: No relatives here, no friends here.  He was stationed in the army, so it's kind of a catch 22.  I would like for him to be on a probation but he can't go to California because California won't accept a supervision of him in that status for whatever reason.
>
> So I don't know what to tell you, Judge.  You know, prison time for a first-time offense even though this is a very serious offense I think may be too much.  I think he ought to be given a second chance.

The Court then asked the State to respond.  The prosecutor argued that based on the events surrounding the robbery the trial court should impose a prison sentence without probation.  The court found appellant guilty and assessed his punishment at twenty-five years in prison.  The trial judge told appellant he had thirty days to decide whether to appeal the case.  Appellant did not file a motion for new trial but timely filed a notice of appeal.

2

**Discussion**

In order for an appellant to show ineffective assistance of counsel he must show (1) that his trial counsel's performance was deficient, in that counsel made such serious errors he was not functioning effectively as counsel; and (2) the deficient performance prejudiced the defense to such a degree that appellant was deprived of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Hernandez v. State*, 726 S.W.2d 53 (Tex. Crim. App. 1986).

Before a plea of guilty or *nolo contendere* may be accepted by the court, it must be freely and voluntarily given by a mentally competent defendant. Tex. Code Crim. Proc. art. 26.13(b) (West 1989). In determining whether a guilty plea made upon the advice of counsel is constitutionally valid, we look to see whether counsel rendered effective representation for the defendant during the proceeding. *Ex parte Battle*, 817 S.W.2d 81, 84 (Tex. Crim. App. 1991); *Toupal v. State*, 926 S.W.2d 606, 607 (Tex. App.—Texarkana 1996, no pet.); *see also Ex parte Canedo*, 818 S.W.2d 814, 815 (Tex. Crim. App. 1991). To prevail on a claim of ineffective assistance of counsel during the plea process, appellant must show that counsel's representation fell below an objective standard of reasonableness and that this deficient performance prejudiced the defense. *Ex parte Morrow*, 952 S.W.2d 530, 536 (Tex. Crim. App. 1997) (citing *Hill v. Lockhart*, 474 U.S. 52, 56 (1985)); *Battle*, 817 S.W.2d at 83 (citing *Strickland*, 466 U.S. 668 (1984)). To show prejudice in the context of a guilty plea, the defendant must show a reasonable probability that, were it not for counsel's errors, he would not have pleaded guilty and would have insisted on a jury trial. *Hill*, 474 U.S. at 56; *Toupal*, 926 S.W.2d at 607.

In determining whether counsel's trial performance was deficient, judicial scrutiny must be highly deferential. A reviewing court must indulge a strong presumption that counsel's

3

conduct was within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. An ineffectiveness-of-counsel claim cannot be demonstrated by isolating one portion of counsel's representation, but instead must be judged on the totality of the representation. *Id.* at 670. We presume that appellant's counsel was better positioned than this Court to judge the practicalities of the particular case and that he made all significant decisions in the exercise of reasonable professional judgment. *See Bohnet v. State*, 938 S.W.2d 532, 536 (Tex. App.—Austin 1997, pet. ref'd) (citing *Delrio v. State*, 840 S.W.2d 443, 447 (Tex. Crim. App. 1992)).

Appellant contends that his attorney erroneously advised him to waive his right to a jury, plead guilty, and seek probation from the court when, due to the offense alleged against him, the court could not grant him probation. *See* Tex. Code Crim. Proc. Ann. art. 42.12 § (3)(g)(a)(1)(F) (West Supp. 2001) (court cannot probate sentence if defendant convicted of aggravated robbery). Conversely, a jury could probate appellant's sentence if they thought it proper punishment. *See id.* art. 42.12 § 4(a) (jury may grant probation to defendant with no prior criminal record). The district court could have deferred adjudication of his guilt and placed him on probation, an option that was available to the court under the law, but that was not something appellant preferred because he would be unable to return to his home in California to serve his deferred adjudication probationary period. *See id.* art. 42.12 § 5(a). Appellant contends that had he received correct legal advice about the availability of probation from his attorney, he would not have waived a jury and entered a plea of guilty.

The only evidence appellant relies upon to support his contention are his attorney's comments set out earlier in the opinion that were made during the punishment hearing. Appellant did not file a motion for new trial and there is nothing in the record that reveals why appellant pleaded

4

guilty. Also, nothing in the record details what appellant's attorney told him about probation as appellant did not testify or submit an affidavit addressing the issue. Additionally, there was no affidavit or testimony from appellant's attorney about what he told appellant regarding the availability of probation. While the record reflects that at the punishment hearing appellant's counsel at first misstated the applicable law regarding regular probation, his attorney presented the option of deferred adjudication probation to the judge which the court could have granted appellant. Further, the defense attorney and the judge discussed granting appellant deferred adjudication.

The situation in the case before us is distinguishable from *Ex parte Battle*, in which the court of criminal appeals determined that the defendant received ineffective assistance of counsel in the plea process because he had been given erroneous advice regarding the availability of probation. 817 S.W.2d at 81; *see also Canedo*, 818 S.W.2d at 815. The defense attorney in *Battle* filed an affidavit in which he conceded that he discussed the possibility of probation with the defendant. 817 S.W.2d at 83; *see also Canedo*, 818 S.W.2d at 815. Upon learning from his attorney that probation was a possibility, the defendant opted not to take the prosecution's plea bargain offer, pleaded no contest to the charges, and asked the trial court to assess punishment. The defense attorney learned later, on the morning of the punishment hearing, that the defendant was currently on parole for a life sentence so that in fact the trial court had no authority to grant any type of probation. *Id.* According to the defense attorney's affidavit, he immediately informed the defendant that he in fact had no possibility of probation and that he should accept the State's offer of fifteen years. The defendant did not take the defense attorney's advice and the court sentenced him to two life terms. The *Battle* court determined that the defense counsel's performance was deficient and had

prejudiced the defendant who refused a fifteen year sentence and instead received two life terms. *Id.* at 84.

In the case before us, nothing in the record details what appellant's attorney told appellant about the availability of probation. Additionally, unlike the situation in *Battle*, while regular probation was not a possibility for appellant, deferred adjudication probation was, and appellant's attorney discussed deferred adjudication probation with the trial judge. We hold that appellant has failed to prove the first prong of the *Strickland* test and show that his counsel's advice regarding the availability of probation was below an objective standard of reasonableness and was not within the range of competence demanded of attorneys in criminal cases. 466 U.S. at 687; *see also Ex parte Wilson*, 724 S.W.2d 72, 73 (Tex. Crim. App. 1987). Appellant's issue is overruled and the judgment is affirmed.

_____

David Puryear, Justice

Before Justices Kidd, B. A. Smith and Puryear

Affirmed

Filed:   August 30, 2001

Do Not Publish