Opinion issued April 19, 2007






 






In The

Court of Appeals

For The

First District of Texas






NO. 01-05-01134-CR






ERICK RODRIGO COUOG, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 178th District Court

Harris County, Texas

Trial Court Cause No. 1022748


 


MEMORANDUM OPINION



A jury found appellant, Erick Rodrigo Couog, guilty of the offense of
aggravated sexual assault of a child under 14 years of age (1) and assessed punishment
at 30 years' confinement in prison. In three issues, appellant contends that the trial
court erred in admitting outcry testimony because (1) there was no preliminary
hearing regarding the reliability of the statements as required by article 38.072 of the
Texas Code of Criminal Procedure, (2) (2) more than one outcry witness testified, (3)
the admission of the outcry statements violated his right to confrontation under the
United States and Texas constitutions. In three additional issues, appellant complains
that there was legally and factually insufficient evidence and that he received
ineffective assistance of counsel. We affirm.

Background 


Blanca Rangel ("Mother"), the mother of two young daughters, lived with
appellant, who is the biological father of the youngest child. In April of 2005,
Mother left her children with her sister, Benita Alcocer ("Benita"), while she went to
work. Maria Rangel ("Aunt"), Mother's other sister, came over to visit. Aunt
testified that the eldest of Mother's daughters, the five-year-old complainant, wanted
to use the restroom frequently and was crying because her "private was hurting." 
Benita testified that she asked the complainant to use the bathroom, but the
complainant said, "no because it hurt a lot." 

Benita, Aunt, and Blanca's mother ("Grandmother"), took the complainant to
a bedroom in Benita's home to view the area that the complainant spoke of and
noticed a pinkish rash on the complainant's genitalia. The complainant was afraid to
speak and said her "Poppy," referring to appellant, was going to spank her and that
he would place a stick in her part when she would misbehave. The complainant also
told Aunt that, when she misbehaved, Poppy would give her five times, but, when she
behaved well, he would give her less. The complainant told Aunt that appellant told
her, "he would pop a small sore with a small stick and that it was not going to hurt." 
Benita also testified to the discussion between Aunt and the complainant. 

Following Aunt's discussion with the complainant, Aunt called Child
Protective Services ("CPS") and took the complainant to Memorial Hermann Hospital
for medical treatment. Mother was angry when she arrived at the hospital about 20
minutes later because she felt her sisters should have called her before contacting
CPS. The complainant would not talk to the emergency room nurse, Wendy Pickett,
with Mother in the room. After Mother left the room, Pickett asked what happened
and the complainant responded that Poppy placed "sticks" and fingers in her part and
it hurt, and she pointed to her vaginal and rectal area. 

Ross Bennett, a forensic nurse examiner with the Memorial Hermann Forensic
Nursing Services, testified that, during his medical forensic evaluation, the
complainant said that appellant "pokes me with his fingers, then he uses a stick. It
hurts and I cry a lot. He has put his pee-pee down there. It happens in my bed. 
When I am bad, he pokes me with a stick." Bennett testified that the complainant's
vaginal area was inflamed, red, and very painful to touch, and that there were two
lacerations and moisture in complainant's anus that were also painful during the
exam. Bennett further testified that the complainant's anal lacerations would be
consistent with an adult penis penetrating her anus. The complainant was taken into
custody by CPS following her examination, and Aunt and Benita returned to Benita's
house when appellant arrived at the house. Benita testified that appellant said that he
was nervous because he thought that the complainant's father had taken her. 
Appellant denied committing any sexual act or improper touching of his "daughter
[the complainant]." 

The next day, the complainant was interviewed at the Children's Assessment
Center (CAC) by forensic interviewer Claudia Mullin. Mullin testified that
complainant's genitals were uncomfortable and that she was crying about not wanting
to go to the bathroom because it hurt. The complainant identified appellant as the
person who touched her in "the front" and "poked her in her butt" and demonstrated
with the anatomical dolls what occurred. The complainant also told Mullin that "it
hurt and something red came out of her pompy." Although the complainant said she
never saw the stick that appellant poked her with, she pointed to the beige
background of a doll's skirt print to indicate the color of the stick when Mullin asked
her the color of the stick. 

Mother testified that the complainant would, "scratch herself in the front and
back and was constantly urinating [on] herself." Mother also believed the
complainant had an infection, and she did not believe the allegations against
appellant. Mother further testified that, if she thought the complainant was harmed
by a family member, she would try to remove the complainant from contact with that
person. The complainant told Benita that she had to speak well of appellant because
if she spoke poorly of him, Mother would scold her. 

 Outcry Testimony

In points of error one, two, and three, appellant contends that the trial court
erred in admitting the complainant's outcry statements because (1) no preliminary
hearing was conducted to determine the reliability of the statements, as required by
article 38.072 of the Texas Code of Criminal Procedure, (2) more than one outcry
witness was allowed to testify, and (3) the admission of the outcry statements violated
his right to confrontation under the U.S. and Texas constitutions. Appellant,
however, has waived each of these contentions.

 The trial court did not conduct a hearing on the admissibility of the outcry
statement, despite appellant's request for a hearing in his pretrial motion and multiple
hearsay objections during Aunt's testimony. Appellant, however, did not specifically
object to the trial court's denial of such hearing, he did not object to the alleged
hearsay every time it was offered, and he did not request a running objection to the
testimony of the outcry statement. In order to preserve error for appellate review,
appellant must make a proper and specific objection and receive an adverse ruling on
that objection. Tex. R. App. P. 33.1; Diaz v. State, 125 S.W.3d 739, 743 (Tex.
App.--Houston [1st Dist.] 2003, pet. ref'd) (if hearing not held, appellant did not
object to the trial court's denial of that hearing, error not preserved). Further,
appellant did not object to similar evidence admitted by Claudia Mullin, Wendy
Pickett, or Benita Alcocer. See Duncan v. State, 95 S.W.3d 669, 672 (Tex.
App.--Houston [1st Dist.] 2002, pet. ref'd) (any error in admitting evidence cured
when same evidence comes in elsewhere without objection).

 Accordingly, appellant failed to preserve the error complained of on appeal,
and the trial court's failure to conduct a hearing on outcry testimony was harmless
error because similar evidence was admitted by other witnesses without objection. 

We overrule point of error one. 

Multiple Hearsay Witnesses

In point of error two, appellant argues that the trial court erred in permitting
hearsay outcry testimony from multiple witnesses. The State identified three outcry
witnesses--Maria Rangel, Wendy Pickett, and Claudia Mullin--in its pre-trial Notice
of Intent to Use Child Abuse Victim's Hearsay Statement. All three witnesses
testified at trial regarding outcry statements made to them by the complainant, and a
fourth witness, Benita Alcocer, also testified at trial regarding hearsay outcry
statements made to her by the complainant. Appellant also notes that the testimony
from the various witnesses referenced the same events and did not refer to any
separate or discrete occurrence of abuse. 

More than one outcry witness may testify if it is first determined that the outcry
concerned separate and discrete events and was not merely a repetition of the same
event told to different individuals. Brown v. State, 189 S.W.3d 382, 387 (Tex.
App.--Texarkana 2006, pet. ref'd). Appellant failed to preserve the issue of multiple
outcry witnesses by not objecting to the testimony of the four witnesses. See Tex. R.
App. P. 33.1. 

We overrule point of error two. 

Confrontation Clause

In point of error three, appellant complains that five witnesses testified to
hearsay statements made by the complainant that were testimonial in nature and were
inadmissible as violations of appellant's constitutional rights to confrontation and
cross-examination under the U.S. and Texas constitutions. Appellant contends that,
because she did not testify during the trial, the complainant was not subject to any
cross-examination by appellant's attorney. In addition, the State did not demonstrate
that appellant had prior opportunity to cross-examine the complainant regarding any
hearsay statements.

In Crawford v. Washington, 541 U.S. 36, 124 S. Ct. 1354 (2004), the United
States Supreme Court held that testimonial hearsay statements of a declarant who
does not appear and testify at trial are inadmissible under the Confrontation Clause
of the Sixth Amendment unless the proponent of those statements demonstrates that
the declarant is unavailable and that the defendant has had prior opportunity to cross-examine the declarant regarding those statements. Id. at 53-54, 124 S. Ct. at 1365. 
Appellant's objection must specifically assert a violation of the Confrontation Clause
in order to preserve such a challenge on appeal. See Reyna v. State, 168 S.W.3d 173,
179 (Tex. Crim. App. 2005) (explaining that objection not preserved for appeal when
not specific and can be construed as falling under either Rules of Evidence or
Confrontation Clause); see also Campos v. State, 186 S.W.3d 93, 98 (Tex.
App.--Houston [1st Dist.] 2005, no pet.) (holding that defendant waives appellate
challenge based on Confrontation Clause for failure to object at trial). 

Here, appellant's Motion to Require Child to Testify was denied before any
evidence was admitted. When witnesses testified about the complainant's statements,
appellant did not specifically object to a violation of the Confrontation Clause during
trial. Accordingly, we hold that appellant waived a challenge of the Confrontation
Clause challenge on appeal by failing to specifically object to such during trial. See
Tex. R. App. P. 33.1(a).

We overrule appellant's point of error three.
Sufficiency of Evidence


In points of error five and six, appellant argues that the evidence presented at
trial was legally and factually insufficient to establish the requisite element that
appellant caused complainant's anus to contact his sexual organ. The jury was
charged that

 if you find from the evidence beyond a reasonable doubt that . . . the
defendant . . .did then and there unlawfully, intentionally or knowingly
cause the anus of [the complainant], a person younger than fourteen
years of age and not the spouse of the defendant, to contact the sexual
organ of the defendant, then you will find the defendant guilty as
charged in the indictment.


Standard of Review

 In reviewing a legal-sufficiency challenge, we view the evidence in the light
most favorable to the verdict to determine whether any rational trier of fact could
have found the essential elements of the offense beyond a reasonable doubt. King v.
State, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000). When conducting a factual-sufficiency review, we view all of the evidence in a neutral light. Cain v. State, 958
S.W.2d 404, 408 (Tex. Crim. App. 1997). We will set the verdict aside only if (1) the
evidence is so weak that the verdict is clearly wrong and manifestly unjust or (2) the
verdict is against the great weight and preponderance of the evidence. Johnson v.
State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000). Under the first prong of Johnson, we
cannot conclude that a conviction is "clearly wrong" or "manifestly unjust" simply
because, on the quantum of evidence admitted, we would have voted to acquit had we
been on the jury. Watson v. State, 204 S.W.3d 404, 417 (Tex. Crim. App. 2006). 
Under the second prong of Johnson, we cannot declare that a conflict in the evidence
justifies a new trial simply because we disagree with the jury's resolution of that
conflict. Id. Before finding that evidence is factually insufficient to support a verdict
under the second prong of Johnson, we must be able to say, with some objective basis
in the record, that the great weight and preponderance of the evidence contradicts the
jury's verdict. Id. In conducting a factual-sufficiency review, we must also discuss
the evidence that, according to the appellant, most undermines the jury's verdict. See
Sims v. State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).

 The standard of review is the same as it is for direct evidence even if
circumstantial evidence comprises the entire case. King v. State, 29 S.W.3d 556, 565
(Tex. Crim. App. 2000). Circumstantial evidence alone may be enough to support the
jury's verdict. Smith v. State, 965 S.W.2d 509, 515 (Tex. Crim. App. 1998); Kutzner
v. State, 994 S.W.2d 180, 184 (Tex. Crim. App. 1999). 

Legal Sufficiency 

In support of his legal sufficiency challenge, appellant asserts that no rational
trier of fact could find all of the essential elements of the offense true beyond a
reasonable doubt because evidence presented at trial only supports a rational finding
that, "an unknown object" was used to make contact with the complainant's anus. In
order for the evidence to be legally sufficient, the trier of fact had to find beyond a
reasonable doubt that appellant caused the complainant's anus to contact his sexual
organ and that complainant was neither the appellant's spouse nor older than 13 years
of age. Tex. Pen. Code Ann. § 22.021 (Vernon 2005). 

A rational trier of fact could conclude that circumstantial evidence was legally
sufficient for an aggravated sexual assault conviction. Everage v. State, 848 S.W.2d
357, 359 (Tex. App. --Austin 1993, no pet.). In Everage, the circumstantial evidence
included doctor's testimony about an abrasion on and enlargement of the
complainant's vaginal opening, and the court held that this evidence was sufficient
to establish that defendant penetrated the six-year-old girl's vagina with his finger,
as alleged in the indictment. Id. 

Here, the complainant told forensic examiner, Ross Bennett, at the hospital that
appellant, "put his pee-pee down there," and Bennett testified that the complainant
had abnormal moisture and lacerations in her anus that could be consistent with the
penetration by an adult penis. Although the complainant said that she never saw "the
stick" that appellant poked her with, she pointed to the beige background of a doll's
skirt print to indicate the color of the stick when CAC interviewer, Claudia Mullin,
asked her the color of the stick. Further, Mullin testified that the complainant would
not necessarily know that an adult male sexual organ becomes hard and that it could
feel like a stick if it penetrates part of the body. 

While the evidence connecting appellant to the aggravated sexual assault of
complainant was circumstantial, a rational trier of fact could find beyond a reasonable
doubt that appellant caused complainant's anus to contact his sexual organ and that
complainant was neither the appellant's spouse nor older than 13 years of age. 
Therefore, we hold that the evidence was legally sufficient to support appellant's
conviction for aggravated sexual assault of a minor. 

We overrule point of error five.

Factual Sufficiency

Appellant considers the same evidence mentioned in his legal sufficiency
argument and argues that the evidence is not so strong that, even when viewed in an
entirely neutral light, it is clear that the jury was rationally justified in finding all of
the essential elements true beyond a reasonable doubt.

It is not required that every fact point directly and independently to the guilt
of the accused in a prosecution based on circumstantial evidence; the cumulative
force of all the incriminating circumstances may be sufficient. See Barnes v. State,
876 S.W.2d 316, 321 (Tex. Crim. App. 1994). Further, credibility was for the jury
to assess and to weigh, not this Court. See Johnson, 23 S.W.3d at 7.

 The evidence showed that: the complainant was five years old and was the
daughter of appellant's girlfriend; complainant said that appellant "put his pee-pee
down there"; appellant would punish the complainant by placing his penis in her
vagina and rectum; the complainant identified the color of "the stick," with which
appellant poked her, as being beige; and the abnormal moisture and lacerations in the 
complainant's anus could be consistent with the penetration of an adult penis. After
objectively reviewing the record, we have determined that this evidence is not so
weak as to indicate that a manifest injustice had occurred or was greatly outweighed
by contrary evidence. See Zuliani v. State, 97 S.W.3d 589, 593-94 (Tex. Crim. App.
2003). 

 Appellant points to the fact that the complainant stated that she did not see
appellant's penis. We do not find this persuasive, and conclude that, viewing all the
evidence in a neutral light, the evidence is factually sufficient to sustain appellant's
conviction for aggravated sexual assault of a minor. 

We overrule point of error six.

Ineffective Assistance of Counsel


 In point of error four, appellant contends that he was denied effective
assistance of counsel at the punishment phase of trial because counsel failed to file
an election for jury punishment. Specifically, appellant complains that allowing the
trial court to assess punishment deprived appellant of the opportunity for the jury to
assess community supervision, and, instead, appellant was subjected to a mandatory
prison sentence between five years and life. See Tex. Pen. Code Ann. § 12.32
(Vernon 2003); § 22.021(e) (Vernon Supp. 2006).

Standard of Review

 Both the United States and Texas constitutions guarantee an accused the right
to assistance of counsel. U.S. Const. Amend. VI; Tex. Const. art. I, § 10; Tex.
Code Crim. Proc. Ann. art. 1.05 (Vernon 2005). This right includes the right to
reasonably effective assistance of counsel. Strickland v. Washington, 466 U.S. 668,
683-86, 104 S. Ct. 2052, 2062 (1984); Ex parte Gonzales, 945 S.W.2d 830, 835 (Tex.
Crim. App. 1997). To prove ineffective assistance of counsel, appellant must show
that (1) trial counsel's representation fell below an objective standard of
reasonableness, based on prevailing professional norms and (2) the result of the
proceeding would have been different but for trial counsel's deficient performance.
Strickland, 466 U.S. at 688-92, 104 S. Ct. at 2064-67; see also Thompson v. State,
9 S.W.3d 808, 812 (Tex. Crim. App. 1999). Appellant has the burden of proving his
claim by a preponderance of the evidence. Jackson v. State, 973 S.W.2d 954, 956
(Tex. Crim. App. 1998). We apply a strong presumption that trial counsel was
competent. See Thompson, 9 S.W.3d at 813. When, like here, there was no motion
for new trial, we presume counsel's actions and decisions were reasonably
professional and motivated by sound trial strategy. Jackson v. State, 877 S.W.2d 768,
771 (Tex. Crim. App. 1994); Graves v. State, 176 S.W.3d 422, 437 (Tex.
App.--Houston [1st Dist.] 2004, pet. stricken).

Analysis

Appellant argues that his trial attorney's failure to file the proper election for
the jury to assess punishment fell below the standard of effective assistance of
counsel. Appellant, however, does not address the second requirement, that, but for
the counsel's error, the result of the proceedings would have been different. 

In Ex Parte Canedo, 818 S.W.2d 814 (Tex. Crim. App. 1991), the Court of
Criminal Appeals held that a defense trial counsel's erroneous advice that the
defendant should have the trial court, rather than the jury, assess punishment, fell
below reasonable representation and deprived the defendant of the opportunity of the
jury to assess punishment when defendant was convicted of aggravated sexual assault
of a child and the trial court sentenced him to 10 years in the Texas Department of
Correction. Id. at 815. Ex Parte Canedo is distinguishable because harm was clear
in Canedo. The jurors were surprised they were not assessing punishment and
mentioned in a note to the trial court that they would have given defendant probation. 
Id. After learning of the note, defense counsel indicated that he thought he made a
mistake in going to the trial judge. Id. The note in Canedo was evidence of the
second prong in an ineffective assistance of counsel analysis as proscribed by
Strickland, that, but for the counsel's erroneous advice, the defendant would have
been given probation instead of 10 years in prison. Here, appellant fails to establish
the second prong of the test. Furthermore, appellant has failed to develop a record
sufficient to show that his counsel's representation fell below an objective standard
of reasonableness. The record reflects that the jury returned with a guilty verdict in
approximately 37 minutes and clearly did not believe appellant's testimony. 
Appellant's trial counsel may have been concerned that, after such a quick response
on guilt, the jury might have imposed a lengthy sentence. Appellant failed to prove
either prong of Strickland. 

Accordingly, we overrule point of error four. Conclusion


We affirm the judgment of the trial court.



George C. Hanks, Jr.

Justice


Panel consists of Justices Taft, Alcala, and Hanks.

Do not publish. Tex. R. App. P. 47.2(b).
1. Tex. Pen. Code Ann. § 22.021 (Vernon Supp. 2006)
.
2. Tex. Code Crim. Proc. Ann. art. 38.072 (Vernon 2003).