

# NUMBER 13-14-00037-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**ARCHIE LEE BECKS,**                                                      **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                      **Appellee.**

---

### On appeal from the 40th District Court
### of Ellis County, Texas.

---

# MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Rodriguez and Longoria
### Memorandum Opinion by Justice Rodriguez

Appellant Archie Lee Becks appeals from a judgment rendered by the 40th District

Court of Ellis County, Texas.[1]   The jury found Becks guilty of aggravated sexual assault

---

[1] This case is before the Court on transfer from the Tenth Court of Appeals in Waco pursuant to a docket equalization order issued by the Supreme Court of Texas.   *See* TEX. GOV'T CODE ANN. § 73.001 (West, Westlaw through 2013 3d C.S.).

of a child and sentenced him to 60 years in prison.  TEX. PENAL CODE ANN. §

22.021(a)(1)(B)(i) (West, Westlaw through 2013 3d C.S.).  Becks raises one issue on

appeal challenging the legal sufficiency of the jury's findings.  We affirm.

## I.  BACKGROUND[2]

At trial, "Angelica"[3] testified that she was nine years old when Becks began to

touch her in a way that made her feel uncomfortable.  Becks touched her excessively

and would rub her legs, near her vaginal area.  He would watch her while bathing and

while she got dressed.  Becks's conduct worsened, and he began entering Angelica's

room at night and rubbing her buttocks.

By the time she was thirteen, Angelica testified that Becks had "fondled" her.  He

attempted to penetrate her vagina with his finger.  Angelica testified that Becks's finger

touched her vagina but did not go into the "hole" and that Becks was moving his finger

around her "hole" because she was moving around.

In his sole issue on appeal, Becks contends that the evidence is legally insufficient

to support the jury's verdict.  Specifically, Becks contends there is no evidence of

penetration of the victim's sexual organ by his finger as alleged in the indictment.  Becks

does not complain about any other elements of proof.

## II.  STANDARD OF REVIEW

In this legal sufficiency review, we examine the evidence in the light most favorable

---

[2] Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it.  See TEX. R. APP. P. 47.4. (West, Westlaw through 2013 3d C.S.).

[3] We will refer to the child complainant using the pseudonym that was assigned to her and alleged in the indictment.

2

to the prosecution to determine whether any rational fact-finder could have found the essential elements of the crime beyond a reasonable doubt. *See Brooks v. State*, 323 S.W.3d 893, 898–99 (Tex. Crim. App. 2010). The fact-finder is the exclusive judge of the facts, the credibility of witnesses, and of the weight to be given testimony. *Id.* at 899. We will not re-evaluate the weight and credibility of the evidence, but rather we will act only to ensure that the jury reached a rational decision. *Muniz v. State,* 851 S.W.2d 238, 246 (Tex. Crim. App. 1993) (en banc). We must resolve any evidentiary inconsistencies in favor of the judgment. *Brooks,* 323 S.W.3d at 899. Sufficiency of the evidence should be measured by the elements of the offense as defined by the hypothetically correct jury charge for the case. *Malik v. State,* 953 S.W.2d 234, 240 (Tex. Crim. App. 1997) (en banc).

### III. APPLICABLE LAW

A person commits the offense of aggravated sexual assault of a child if he intentionally or knowingly causes the penetration of the child's sexual organ. TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(i). The female sexual organ is a general term that refers to the entire female genitalia, including both the vagina and the vulva. *Everage v. State,* 848 S.W.2d 357, 358 (Tex. App.—Austin 1993, no pet.) (per curiam); *Aylor v. State*, 727 S.W.2d 727, 729–30 (Tex. App.—Austin 1987, pet. ref'd). Evidence of the slightest penetration is sufficient to uphold a conviction, so long as it is shown beyond a reasonable doubt. *Luna v. State,* 515 S.W.2d 271, 273 (Tex. Crim. App. 1974).

In *Vernon v. State*, the Texas Court of Criminal Appeals explained that "pushing aside and reaching beneath a natural fold of skin into an area of the body not usually

3

exposed to view, even in nakedness, is a significant intrusion beyond mere external contact" and amounts to "penetration" sufficient to sustain a conviction for aggravated sexual assault of a child. 841 S.W.2d 407, 409–10 (Tex. Crim. App. 1992) (en banc). The Court held that evidence of the defendant's "touching" of the complainant was sufficient to show "penetration" of the complainant's female sexual organ where the evidence showed that the contact was "more intrusive than contact with her outer vaginal lips." *Id.* at 409. The court further stated that the term "penetration is fairly susceptible of an understanding which includes the kind of touching proven in this case, which was touching of the sexual organ, near the vaginal entrance." *See id.* at 409–10.

## IV. DISCUSSION

Becks's contention that the evidence was not legally sufficient to support his conviction only addressed Angelica's testimony regarding the first time Becks touched her vagina but did not penetrate her vaginal canal.[4] However, because the statute does not require *vaginal* penetration, Angelica's testimony that Becks was moving his finger around her "hole" is sufficient. *See id.* at 409 ("[T]actile contact beneath the fold of complainant's external genitalia amounts to penetration within the meaning of the Aggravated Sexual Assault statute, since vaginal penetration is not required, but only penetration of the 'female sexual organ.'"). The State did not have to prove that Becks's finger entered Angelica's vagina in order to convict him for the aggravated sexual assault of a child. *See id*; *Everage,* 848 S.W.2d at 358.

Considering the evidence in the light most favorable to the verdict, a rational trier

---

[4] Appellee, the State of Texas, notes that Angelica did testify that Becks penetrated her vagina with his finger in other instances.

4

of fact could have found that Becks penetrated the sexual organ of a child with his finger beyond a reasonable doubt. *See id; Brooks*, 323 S.W.3d at 898–99.

We overrule Becks's sole issue.

## V.     CONCLUSION

We affirm the judgment of the trial court.

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
28th day of May, 2015.

5